**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis LOPEZ–TOVAR,**
**Defendant–Appellant.**

**No. 04–40391.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 4, 2005.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Christopher Atkinson Jenkins, Samy K. Khalil, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the sentence of Jose Luis Lopez–Tovar. *United States v. Lopez–Tovar,* 115 Fed.Appx. 223 (5th Cir. 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Lopez argues that, in light of *Booker,* his sentence is invalid because the district court applied the Sentencing Guidelines as if they were mandatory. Because Lopez did not raise this issue in the district court, we review it for plain error only. *United States v. Mares,* 402 F.3d 511, 513, 520–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556).

Lopez is unable to establish plain error with regard to his *Booker* claim because he cannot establish that being sentenced un-

der a mandatory Guidelines scheme affected his substantial rights. The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the Guidelines were advisory only. *See Mares,* 402 F.3d at 522; *Valenzuela–Quevedo,* 407 F.3d at 733–34. The court has also rejected Lopez's argument that a *Booker* error is structural and thus no prejudice must be shown. *United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (05–5297).

Accordingly, Lopez's conviction and sentence are AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.